THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT HAROLD SMITH,<br><br>Defendant. | CASE NO. CR17-0085-JCC<br><br>ORDER DENYING MOTION TO REVOKE DETENTION |

This matter comes before the Court on Defendant Robert Smith's motion for revocation of Magistrate Judge Mary Alice Theiler's detention order pending trial (Dkt. No. 71). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I. **BACKGROUND**

Smith has been charged and is pending trial on two counts of possession of a firearm by a felon, violations of 18 U.S.C. §§ 2, 922(g)(1), and 924(a)(2). (Dkt. No. 16.) His detention hearing was held before Magistrate Judge Theiler on March 14, 2017. Pretrial services (PTS) recommended Smith be detained pending trial. (Dkt. No. 4.) Following arguments, Magistrate Judge Theiler ordered Smith be detained pending trial, based on findings that Smith posed a risk of nonappearance and a danger to the community. (Dkt. No. 12.) The Judge made these findings despite evidence that Smith owned his own home and had strong family ties in the area. (Dkt.

No. 70-1 at 14–19.)

Smith moves for revocation of the order and release with conditions. (Dkt. No. 71.) He claims Magistrate Judge Theiler erred in deeming him a risk based on the evidence presented. (Dkt. No. 70 at 3–6.) Smith also asserts his case must be reexamined in light of newly-presented exculpatory evidence and hardship resulting from his continued detention. (*Id.*)

## II. DISCUSSION

A defendant ordered detained by a magistrate judge pending trial may request that the court with original jurisdiction either revoke or modify the detention order. 18 U.S.C. § 3145(b). The district court's review of a magistrate judge's order under section § 3145(b) is *de novo*, though the court "is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." *United States v. Koenig*, 912 F.2d 1190, 1191–93 (9th Cir. 1990). The Court should "review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.*

The Bail Reform Act provides that a court should detain a defendant pending trial if "no condition or combination of conditions . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). The United States bears the burden of showing that a defendant poses a danger to the community by clear and convincing evidence, and it bears the burden of showing that a defendant poses a flight risk by a preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The Act identifies four factors that a court should consider in analyzing detention issues: "(1) The nature and circumstances of the offense charged, including whether the offense . . . involves a narcotic drug; (2) the weight of the evidence. . . ; (3) the history and characteristics of the person, including . . . family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, . . . ; and . . . (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . ." 18 U.S.C. § 3142(g).

The Court has reviewed this matter *de novo* and adopts the findings and conclusions of the magistrate judge (Dkt. No. 12). Given Smith's noncompliance while previously on supervised release, along with his lengthy criminal history, Smith currently poses a risk of nonappearance and a danger to the community. The additional information Smith now presents does not alter the Court's view.

Smith now provides allegedly exculpatory evidence. This evidence includes an admission letter from his alleged confederate, asserting that Smith had no knowledge of the weapons the confederate placed in Smith's vehicle. (Dkt. No. 70-1 at 4.) Smith also presents potential impeachment evidence against the arresting officer. (*Id*. at 8.) This evidence is insufficient to overcome the evidence presented by the United States during the detention hearing. Smith made inculpatory statements to officers *other* than the arresting officer. (Dkt. No. 72 at 8–9.) Therefore, whether the arresting officer could be impeached is of little consequence. Nor is the confederate's statement plausible, in light of Smith's statements to other officers. In addition, physical evidence was discovered in the vehicle that rebuts the confederate's current claim. (*Id*.) Finally, the confederate's attorney has indicated he would not testify under oath to his claim. (*Id*. at 9.) Perhaps most importantly, the weight of the evidence is the least important factor for the Court to consider. *U.S. v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).

Smith also claims personal hardship as a basis for the Court to revoke detention; namely that his mother and his young son live in his home and if he is not released he will be unable to avoid foreclosure. (Dkt. No. 70 at 5.) While the Court deeply empathizes with all involved, Smith fails to persuasively argue how alleviating this hardship will reduce his risk of nonappearance or the danger he poses to the public. Smith was on supervised release in the past. (Dkt. No. 72 at 3–4.) He presumably risked the same hardship at that time. Yet he violated the conditions of his release and had his release revoked on four separate occasions. (*Id*.)

The Court thus concludes that Smith poses a substantial risk of nonappearance and a danger to the community, and that there are no conditions of release that would reasonably

1  address these risks. Judge Theiler was correct in determining that Smith should be detained
2  pending trial and none of the additional evidence Smith presents sways the Court to conclude
3  otherwise.

### III. CONCLUSION

For the foregoing reasons, Smith's motion for revocation of the detention order (Dkt. No. 71) is DENIED.

DATED this 2nd day of October 2017.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE